UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY D. PEARCE,                                  Case No. 10-14720

                Plaintiff,                    Sean F. Cox
vs.                                               United States District Judge

CHRYSLER LLC PENSION PLAN,                        Michael Hluchaniuk
                                                  United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR TO STRIKE, TO SUPPLEMENT,**
**OBJECT TO THE ADMINISTRATIVE RECORD (Dkt. 13)**
**AND DEFENDANT'S MOTION FOR A PROTECTIVE ORDER (Dkt. 16)**

## I.    PROCEDURAL HISTORY

Plaintiff filed a complaint against the defendant Chrysler LLC Pension Plan

in Wayne County Circuit Court, which was subsequently removed to this Court on

November 29, 2010.  (Dkt. 1).  Defendant filed an answer to the complaint on

December 6, 2010 and the case was referred to the undersigned on April 6, 2011.

(Dkt. 11).  Plaintiff filed the objection to the administrative record, motion to

strike, and motion to supplement the administrative record on April 15, 2011, and

defendant filed a motion for a protective order on May 2, 2011 and a response to

plaintiff's motions on May 12, 2011.  (Dkt. 13, 16, 17).  Plaintiff filed a reply to

defendant's response on May 5, 2011 and a response to defendant's motion on

May 12, 2011.  (Dkt. 18, 19).  Defendant replied to the plaintiff's response on

defendant's motion on May 25, 2011.  (Dkt. 23).  The parties filed joint statements

of resolved and unresolved issues on May 20, 2011 and June 1, 2011.  (Dkt. 22,

24).

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendant's motion be **GRANTED** in part and **DENIED** in part, and plaintiff's

motions be **DENIED**, but the undersigned **RECOMMENDS** that this case be

**REMANDED** back to the pension plan administrator for supplementation of the

record followed by a reevaluation of the plaintiff's benefits appeal.

## II.    FACTUAL BACKGROUND

Plaintiff was terminated from his place of employment at a Chrysler

manufacturing facility and alleges that his employment was terminated effective on

November 30, 2008, while defendant alleges that plaintiff's employment was

effective on November 25, 2008.  (Dkt. 13).  After becoming aware of his

impending termination of employment, plaintiff attempted to include a request for

the supplemental retirement package, otherwise known as "30 and out" retirement,

but was rebuffed by defendant who claims that the effective date of termination

was on November 25th making him a "Vested Terminated Participant" in the

company's pension system.  (Dkt. 16).

According to the plan documents contained in the administrative record,

there is a three part procedure if a claimant is not satisfied with a benefit

determination.  First if the claimant has been denied a benefit, the amount is not

correct, or the company has refused to allow the claimant to participate in the plan

or has improperly terminated participation, the claimant "may discuss the matter

with Benefit Express."  (Dkt. 12, Pg ID 140).  Second, if a claimant believes the

matter is not satisfactorily resolved, he or she may send, within 180 days after the

"event that you believe entitles you to the benefit," a written statement describing

the problem, giving the name of Benefit Express representative with whom it was

discussed, and indicating the reasons for filing a claim should be sent to the

Chrysler LLC Employee Benefits Committee (c/o the Benefit Determination

Review Team (BDRT)).  The BDRT is then charged with the task of reviewing,

researching, and responding to the claim and providing a written response to the

claimant.  If the request is wholly or partially denied, the written denial notice will

set forth the specific reasons for the denial, specific reference to the pertinent plan

provisions on which the denial was based, a description of any additional material

or information necessary for the claimant to support the claim and an explanation

of why such material or information is necessary, and an explanation of the plan's

claim review procedure, including a statement informing the claimant of the right

to bring a civil action under ERISA.  (Dkt. 12, Pg ID 141).  Third, if the claim is

denied, the claimant may request a review of the denial by the Employee Benefits

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case  No. 10-14720

3

Committee within 60 days of the receipt of written notice of the step 2 denial.  In

connection with this appeal, the claimant "may review pertinent documents in the

possession of the Company or the Employee Benefits Committee" and may submit

issues and comments in writing.  Not later than 60 days (or in unusual

circumstances, 120 days), the Employee Benefits Committee will give its decision

in writing, setting forth the specific reasons for the decision.  *Id.*

As to the first step, plaintiff's request was denied because an employee must

be currently employed by Chrysler in order to qualify for the supplemental

package.  Plaintiff was dissatisfied with the response and requested an appeal.  The

appeal was denied on March 19, 2010.  (Dkt. 12, Pg ID 166-167).  The reasons for

the denial were stated as follows:

> Records indicated you are a Vested Terminated
> Participant, a participant whose employment with the
> Corporation ceased prior to the date they retired and had
> a vested right to a Deferred Pension at the date of their
> termination.  In accordance with the Plan, you are not
> eligible for the Early Retirement Supplement or as
> referred to as a 30 and out retirement, as your
> employment with the Corporation terminated on
> November 25, 2008, prior to your retirement.

(Dkt. 12, Pg ID 166).  On March 30, 2010, counsel for plaintiff requested

documents for the appeal.  (Dkt. 12, Pg ID, 168-170).  Defendant responded on

May 5, 2010, producing a number of documents.  (Dkt. 12, Pg ID 173-178).  On

May 17, 2010, plaintiff filed an appeal (step 3 of the appeal procedure) with the

defendant in response to the initial denial of supplemental retirement benefits.

(Dkt. 13-2).  In this appeal, plaintiff claims that a review of disclosures provided

reveals that the plan failed to produce the requested documents and has provided

no explanation for its failure to provide the requested information.  *Id*.  This appeal

was acknowledged on May 26, 2010.  (Dkt. 12, Pg ID 656).  On July 16, 2010,

defendant requested additional time to respond and indicated that a decision would

be issued by September 17, 2010.  (Dkt. 12, Pg ID 657).

On March 29, 2011, approximately five months after this lawsuit was filed,

defendant issued a decision on step 3 of plaintiff's administrative appeal.  (Dkt. 12,

Pg ID 658-660).  Included with this appeal denial letter was evidence from the

computer system of plaintiff's employer that he was terminated on November 25,

2008.  (Dkt. 12, Pg ID 661-662).  This evidence was not produced to plaintiff in

the production made after the step 2 appeal.  In the decision, as to the claim that

plaintiff retired prior to his termination effective date, defendant concluded:

> According to the Peoplesoft record, which is the HR
> record keeping tool that stores all employment
> transactions, Mr. Pearce was terminated on November
> 25, 2008.  A copy of the termination transaction is
> attached indicating the action and effective dates.
> Benefit Express workflow records indicate Mr. Pearce
> first contacted Benefits Express on November 26, 2008
> and expressed his intend to retire effective December 1,
> 2008.  The Committee finds no evidence contained
> within the record to indicate that Mr. Pearce retired prior
> to his termination date.

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case  No. 10-14720

5

(Dkt. 12-6, Pg ID 559).  The denial letter indicated that the reason for Mr. Pearce's

termination was not within the jurisdiction of the Committee.  *Id.*  As to plaintiff's

claim that not all documents were produced, the denial letter stated that

"[e]mployment records, other than those that are part of the Plan's claim and

appeal process, are not within the jurisdiction of the Committee."  (Dkt. 12-6, Pg

ID 660).   Thus, the Committee determined:

> Based upon review of the complete administrative record
> in this case, Mr. Pearce's appeal for early retirement
> supplemental benefits is denied.  I can find no
> documentation to support that Mr. Pearce was retirement
> eligible; however, based on available corporate and
> Benefit Express records, it is clear that Mr. Pearce was
> terminated prior to his retirement.  Therefore, he is
> eligible only for the term vested benefit that does not
> include an Early Retirement Supplement benefit.

(Dkt. 12-6, Pg ID 660).  It is not disputed that defendant did not give the plaintiff a

decision on his appeal during the designated time periods of either 60 or 120 days

under ERISA, which ended on September 17, 2010.  29 C.F.R. § 2560.503-1(I).

## III.   PARTIES' ARGUMENTS

Plaintiff argues that the time delay in resolving his appeal is a due process

violation of 29 U.S.C. § 1133 allowing him to bring his appeal to federal court as

he had exhausted the administrative remedies under 29 C.F.R. § 2560.503-(l),

which he did on October 28, 2010.  (Dkt. 13, pp. 1-3).  Plaintiff also contends that

the defendant did not have the jurisdiction to decide the appeal, which they had

done with the March 29, 2011 letter, because only the district court had the

jurisdiction after the time delay beyond the 120 day limit.  *Id*. at 4.  Plaintiff now

asks the court to conduct either a *de novo* of the appeal itself.  *Id*. at 6.  Defendant

argues that the procedural irregularity of the time delay does not warrant discovery

in this case, nor *de novo* review of the appeal by this Court.  (Dkt. 16, p. 7).

In its motion for protective order, defendant says that plaintiff should have

none of the discovery requested.  Plaintiff sent a subpoena to Chrysler requesting

numerous documents relating to plaintiff's employment with Chrysler.  Defendant

argues that, to the extent that plaintiff is attempting to argue that his termination

was wrongful, the propriety of his termination is not within the jurisdiction of the

EBC or the Plan, and it cannot be litigated in this Court.  Further, defendant argues

that plaintiff was not employed by the Plan; he was employed by Chrysler LLC

and any attempt to litigate the propriety of plaintiff's discharge is barred by the

Bankruptcy Code.  Defendant also asserts that plaintiff's claims of procedural

irregularities and conflict of interest do not warrant any discovery.

In response, plaintiff asserts that he is entitled to discovery information

relating to the date of his termination because he was told by Human Resources

that his termination date would be effective on November 30, 2008, not November

25, 2008.  He requested documents from Chrysler and the plan to establish that

November 30, 2008 was his termination, but was denied access to these documents

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case  No. 10-14720

and no basis for its selection of November 25, 2008 was identified. Plaintiff also says he relied on the SPD in deciding whether to accept or reject the early retirement offer. Plaintiff asserts that these documents were requested from Chrysler and the Plan during the administrative review process, but not produced. Plaintiff says he also requested information regarding why the SPD does not include the exclusion of the "30 and out" benefits, which he contends is relevant to his administrative appeal, was requested during the administrative process, and not produced. Finally, plaintiff says he asked for, and was denied documents pertaining to the reasons for his termination.

## IV. ANALYSIS AND CONCLUSIONS

### A.    Standard of Review

With respect to review of the plan administrator's denial of benefits, the court makes a *de novo* review  the plan administrator's denial of ERISA benefits, unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, and if so, the standard of review then is arbitrary and capricious. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). This *de novo* standard of review applies to the factual determinations as well as to the legal conclusions of the plan administrator. *See Rowan v. Unum Life Ins. Co.*, 119 F.3d 433, 435 (6th Cir.1997). Although a court reviews the decision of the plan administrator *de novo*, the court

8

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case  No. 10-14720

is confined to the record that was before the plan administrator when the decision

is made.  *See Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir. 1990);

*see also Rowan*, 119 F.3d at 437.

The standard of review of a due process violation of an ERISA appeal is

whether the administrator was within "substantial compliance" with the

requirements of 29 U.S.C. § 1133.  *See Marks v. Newcourt Credit Group, Inc.*, 342

F.3d 444, 460 (6th Cir. 2003).  This analysis essentially is not a determination of

technical compliance with the statute, but rather is whether "the plan administrators

fulfilled the essential purpose of [§ 1133]-notifying [Plaintiff] of their reasons for

denying his claims and affording him a fair opportunity for review."  *Gilliam v.*

*Hartford Life and Accident Insurance Co.*, 2006 WL 2873475, at *7 (E.D. Ky.

2006), quoting *Marks*, 342 F.3d at 461).

B.     Due Process Violation of § 1133

It is not necessary at this time for the court to determine if this case requires

either a *de novo* or arbitrary and capricious standard of review of the denial of

supplemental benefits claim in violation of ERISA on behalf of the plaintiff

because there was instead a due process violation of ERISA in 29 U.S.C. § 1133.

In general, § 1133 of ERISA requires plan administrators to follow several

procedures during benefits determinations.  29 U.S.C. § 1133.  A benefits claimant

must be afforded the opportunity for "a full and fair review of the claim and the

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case  No. 10-14720

adverse benefit determination." 29 C.F.R. § 2560.503-1(h)(1).   As to an appeal of

an adverse determination of an initial application for benefits, § 1133 requires that

the employee benefit plan:

> (1) provide adequate notice in writing to any participant
> or beneficiary whose claim for benefits under the plan
> has been denied, setting forth the specific reasons for
> such denial, written in a manner calculated to be
> understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant
> whose claim for benefits has been denied for a full and
> fair review by the appropriate named fiduciary of the
> decision denying the claim.

29 U.S.C. § 1133.  Regulations pertaining to this statute require that a notification

of denial or termination of benefits state the specific reason or reasons for the

adverse determination and a description of any materials or information necessary

for the claimant to perfect their claim.  29 C.F.R. § 2560.503-1(g)(i-iii).  The

purpose of this regulation is to "insure that when a claimant appeals a denial to the

plan administrator, he will be able to address the determinative issues and have a

fair chance to present his case."  *Castle v. Reliance Standard Life Ins. Co.*, 162

F.Supp. 2d. 842, 859 (S.D. Ohio 2001), quoting *Halpin v. W.W. Grainger, Inc.* 962

F.2d 685, 688 (7th Cir. 1992).  The purpose of this statutory provision is to allow a

claimant to obtain sufficient information to adequately prepare for further

administrative review or an appeal to the federal courts.  *Brown v. J.B. Hunt*

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case No. 10-14720

*Transport Serv., Inc.*, 586 F.3d 1079, 1086 (8th Cir. 2009).  To the extent that the statutory provision is ambiguous, it should be construed broadly to effect ERISA's remedial purpose and should be liberally construed to effectuate Congressional intent to protect plan participants.  *Id*.  Depriving a claimant of the opportunity to contest the factual assertions that form the basis of a denial is a denial of a "full and fair review."  *Id*.; *see also Grossmuller v. Int'l Union, United Auto., Aero. & Agric. Implement Workers of Am., UAW, Local 813*, 715 F.2d 853, 858 n. 5 (3d Cir.1983) (identifying "the persistent core requirements" of full and fair review as including "knowing what evidence the decision-maker relied upon" and "having an opportunity to address the accuracy and reliability of that evidence").  As explained in *Brown*, where the plan requires a claimant to essentially "mount a detailed challenge" to the decision, the failure to provide requested information can deprive a claimant of the "meaningful information necessary to do so."  *Id.* at 1086.  "Full and fair review includes the right to review all documents, records, and other information relevant to the claimant's claim for benefits, and the right to an appeal that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim."  *Midgett v. Wash. Group Int'l Long Term Disability Plan*, 561 F.3d 887, 898 (8th Cir. 2009).

Here, defendant denied plaintiff the opportunity to submit documents to support his claim that his termination date was different than that stated by his

employer. At step 2 of the appeal process, defendant stated that "Records

indicated you are a Vested Terminated Participant, a participant whose

employment with the Corporation ceased prior to the date they retired and had a

vested right to a Deferred Pension at the date of their termination." However,

additional records were used at the step 3 denial, that were not included in the

production after step 2. This is contrary to the appeal procedure which allows the

claimant to "review pertinent documents in the possession of the Company or the

Employee Benefits Committee." Pertinent documents would most certainly

include anything the EBC relied on in making a decision and would also include

any documents in the possession of the Company (plaintiff's former employer) that

pertain to issue in dispute - the date of plaintiff's termination. Plaintiff was not

provided either the documents on which defendant relied to make its decision or

apparently, all those in the possession of plaintiff's employer at a point where

plaintiff could present and support his position to the administrator.[1] However,

nothing in the plan documents or ERISA allows defendant to so restrict the

contents of the record such that a claimant is precluded from challenging the

---

[1] While it is not entirely clear what additional information is available from plaintiff's former employer, it appears that information responsive to plaintiff's request made at the administrative level was not produced, given defendant's position that "[e]mployment records, other than those that are part of the Plan's claim and appeal process, are not within the jurisdiction of the Committee." (Dkt. 12-6, Pg ID 660).

factual bases for the decision.  Indeed, ERISA expressly provides to the contrary through § 1133.  The undersigned concludes that defendant failed to comply with this statutory provision, the accompanying regulations, and the appeal procedure set forth in the SPD.

There are two possible remedies for a § 1133 violation.  This court could conduct a *de novo* review of the benefit determination with evidence beyond the administrative record.  *See e.g.*, *Reedstrom v. NOVA Chemicals, Inc.*, 234 F.Supp. 2d 787 (S.D. Ohio 2002) (conducting a *de novo* review after finding a § 1133 procedural violation).  This remedy is not frequently used and is generally relegated to serious procedural violations that make it doubtful of the plaintiff's ability to receive due process on remand to the pension administrator.  *See Vanderklok v. Provident Life and Accident Ins. Co., Inc.*, 956 F.2d 610 (6th Cir. 1992).  There does not seem to be any evidence to suggest that plaintiff would not receive the appropriate due process on remand, particularly with specific direction from the Court.

The second, and more appropriate, remedy for § 1133 procedural violations is to remand the decision back to the pension administrator for a new benefits determination with instructions from the court.  *Marks*, 342 F.3d at 461.  Case law in this Circuit supports courts' decisions to remand based on procedural errors supported by substantial evidence of their occurring.  *See Shelby County Health*

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case  No. 10-14720

*Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009) (holding that procedural errors can be the basis for remanding the determination to the plan administrator again); *Elliott v. Metro. Life. Ins. Co.*, 473 F.3d 613, 622 (6th Cir. 2006). This case is similar to *Shelby* where court concluded that "[r]emand ... is appropriate in a variety of circumstances, particularly where the plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete." Here, we have both a procedural defect and an incomplete administrative record. On remand, defendant (and plaintiff's former employer, as required by the appeal procedure) should provide the plaintiff with all relevant information relating to the determination of the date of termination including payment and health care records, human resources documents, and any accounting records that are relevant to when the plaintiff was terminated from his employment.

Notably, remand is not required for an ERISA action when it would simply be a "useless formality" on the part of both parties. *Kent v. United of Omaha Life Ins. Co.*, 96 F.3d 803, 807 (6th Cir. 1996). This "useless formality" restriction does not apply in this case because it is not readily apparent that a firm conclusion can be discerned from the administrative record that the date of termination was November 25th or November 30th, 2008. As set forth above, the current record is incomplete and, therefore, remand is necessary to ensure a supplementation of the

14

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case  No. 10-14720

record and the proper review of the plaintiff's claim for supplemental retirement benefits by the pension administrator.

C.      Defendant's Motion for a Protective Order

Defendant's motion for a protection order will be granted in part, except for all information pertaining to the remand, which includes all information regarding the date of termination. Defendant (and plaintiff's former employer, as required by the appeal procedure) are required to allow for the discovery of all relevant information relating to when the date of termination occurred and will be protected from discovery beyond that at this time. The undersigned is not persuaded that plaintiff is barred from obtaining any and all information regarding the reasons for his termination because of the bankruptcy court settlement, as asserted by defendant. While the undersigned agrees that plaintiff cannot litigate the basis for his termination in the context of this ERISA claim, to the extent that plaintiff seeks information about the reasons for his termination as it relates to the *date* of his termination, this information should be provided. The undersigned is not persuaded that plaintiff needs additional information or documents regarding his "reliance on the SPD" or why the SPD does not include an exclusion of 30 and out benefits for terminated vested employees. As the SPD itself states, the plan documents themselves are controlling as to the terms of the plan. In addition, the Supreme Court has recently made it clear that the plan documents are controlling

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case No. 10-14720

as to the terms of the plan.  *CIGNA Corp. v. Amara*, —— U.S. ——, 131 S.Ct. 1866

(2011) ("[W]e conclude that the summary documents, important as they are,

provide communication with beneficiaries about the plan, but that their statements

do not themselves constitute the terms of the plan for purposes of § 502(a)(1)(B).")

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

defendant's motion be **GRANTED** in part and **DENIED** in part, and plaintiff's

motions be **DENIED**, but the undersigned **RECOMMENDS** that this case be

**REMANDED**  back to the pension plan administrator for supplementation of the

record followed by a reevaluation of the plaintiff's benefits appeal.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

16

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case  No. 10-14720

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 27, 2012      s/Michael Hluchaniuk
              Michael Hluchaniuk
              United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on <u>January 27, 2012</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Lawrence J. Breskin, William E. Altman, and Danielle C. Beasley</u>.

            s/Tammy Hallwood
            Case Manager
            (810) 341-7887
            tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motions to Strike and for Protective Order
*Pearce v. Chrysler Pension Plan*; Case No. 10-14720