UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Randy D. Pearce,

       Plaintiff,

v.                                    Case No. 10-14720

Chrysler LLC Pension Plan,              Honorable Sean F. Cox

       Defendant.

_____/

**ORDER
ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER IN PART,
DENYING PLAINTIFF'S PENDING MOTIONS,
AND REMANDING MATTER BACK TO PENSION ADMINISTRATOR**

      Plaintiff Randy D. Pearce filed this ERISA action, challenging Defendant Chrysler LLC

Pension Plan's denial of pension benefits.  This matter was referred to Magistrate Judge Michael

Hluchaniuk for hearing and determination of all pretrial matters. The factual background of this

matter is fully set forth in a Report and Recommendation ("R&R") issued by Magistrate Judge

Hluchaniuk on January 27, 2012.  In that R&R, Magistrate Judge Hluchaniuk recommends that

the Court deny Plaintiff's pending motions, grant Defendant's Motion for Protective Order in

part and deny it in part, and remand this matter back to the pension administrator for

supplementation of the record followed by a reevaluation of Plaintiff's benefits appeal.

      On February 10, 2012, Plaintiff filed timely objections to Magistrate Judge Hluchaniuk's

R&R.  On February 23, 2012, Defendant filed a response to Plaintiff's objections.

      Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

1

matter by a Magistrate Judge must file objections to the R&R within fourteen days. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id.* A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the Court to alleged errors on the part of the magistrate judge. *VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

For the reasons explained below, the Court shall overrule Plaintiff's objections and adopt the R&R.

**1.    Denial Of Motion To Strike**

Plaintiff's first objection is that he "objects to the Magistrate Judge's recommendation to deny Plaintiff's Motion to Strike pages 570 through 574 of the Administrative Record filed by Defendant." (Pl.'s Objs. at 1).

While the R&R recommended that Plaintiff's motions be denied, it does not appear to include any discussion as to why the Magistrate Judge recommended that Plaintiff's Motion to Strike be denied. Nevertheless, the Court agrees with his recommendation.

In his motion, Plaintiff asked the Court to strike five pages in the administrative record filed with the Court (pages 570-574 of the Administrative Record). Those pages consist of Defendant's March 29, 2011 determination at step 3 of the review process.

In his motion, Plaintiff argued that the time delay in resolving his appeal is a due process violation of 29 U.S.C. § 1133. The Magistrate Judge agreed that there was a due process violation. His resolution of that issue involved consideration of the very documents at issue, as he concluded that there was a violation because "additional records were used at the step 3

2

denial, that were not included in the production after step 2." (R&R at 12).

Moreover, the Court agrees with Defendant that "the March 29, 2011 denial letter and employment history document (AR 570-574) are properly included in the administrative record because the Sixth Circuit holds that an administrative record includes all documentation as it existed when the plan administrator made its final decision. *See Moon v. Unum Provident Corp*., 405 F.3d 373, 378 (6th Cir. 2005); *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444, 457 (6th Cir. 2003)." (Def.'s Br. Opposing Mot. to Strike at 2). The March 20-9, 2011 denial letter and employment history document are the final decision on Plaintiff's administrative appeal and that decision was issued prior to the filing of the administrative record with the Court on April 8, 2011. Thus, they should be included in the administrative record.

**2.    Objections To Protective Order Rulings**

In the R&R, the Magistrate Judge recommended that Defendant's Motion for Protective Order be granted in part and denied in part. (R&R at 15-16). Plaintiff objects to the Magistrate Judge's recommendation as to this motion in several respects. The Court finds all of these objections to be without merit.

For example, Plaintiff argues that the Magistrate Judge "provided no explanation for recommending denial of discovery regarding records showing whether Pearce's termination was proper." (Pl.'s Objs. at 13). Contrary to Plaintiff's assertion, the R&R rejected the need for such discovery because the Magistrate Judge agreed with Defendant "that plaintiff cannot litigate the basis for his termination in the context of this ERISA claim." (R&R at 15). Moreover, Plaintiff already brought claims in the Bankruptcy Court against Chrysler LLC, challenging his termination, and Plaintiff settled those claims. (*See* Def.'s Resp. to Pl.'s Objs., Exs. 2 & 3).

3

Plaintiff also objects to the Magistrate Judge not requiring Chrysler to respond to Plaintiff's Interrogatory No. 3, which asks Chrysler to produce Summary Plan Descriptions for the Chrysler Pension Plan from 1976 to date.  The Court agrees with the Magistrate Judge that such discovery is not relevant.

Like the Magistrate Judge, this Court is not persuaded that Plaintiff needs additional information or documents regarding his "reliance on the SPD" or why the SPD does not include an exclusion of 30 and out benefits for terminated vested employees.   "As the SPD itself states, the plan documents themselves are controlling as to the terms of the plan."  (R&R at 15).

**3.       Objections To Recommendation That Matter Be Remanded**

In his motion, Plaintiff argued that the time delay in resolving his appeal is a due process violation of 29 U.S.C. § 1133.  The Magistrate Judge agreed that there was a due process violation.   He then noted that there are "two possible remedies for a § 1133 violation": 1) the Court could "conduct a de novo review of the benefit determination with evidence beyond the administrative record," or 2) the Court could "remand the decision back to the pension administrator for a new benefits determination with instructions from the court." (R&R at 13). In light of the fact this matter involves both a procedural defect and an incomplete record, and remand would not be a useless formality, the Magistrate Judge ultimately recommended remand. (R&R at 14).  Plaintiff now objects to that recommendation, asserting that, in recommending remand, the Magistrate Judge failed to give deference to Department of Labor Regulations. While the Court may consider such regulations in making its determination, the Court has the discretion to chose either of the above options.  The Court agrees that remand is the better option under the circumstances presented here.

4

Accordingly, for the reasons stated above, IT IS ORDERED that Magistrate Judge Hluchaniuk's January 27, 2012 R&R is ADOPTED and Plaintiff's Objections are OVERRULED.

IT IS FURTHER ORDERED that, as stated in the R&R, Defendant's Motion for Protective ORDER is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's pending motions ARE DENIED.

IT IS FURTHER ORDERED that, as stated in the R&R, this matter is REMANDED back to the pension plan administrator for supplementation of the record followed by a reevaluation of Plaintiff's benefits appeal.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  March 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager