UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY D. PEARCE,                                    Case No. 10-14720

        Plaintiff,                              Sean F. Cox
v.                                                  United States District Judge

CHRYSLER LLC PENSION PLAN,                          Michael Hluchaniuk
                                                    United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR JUDGMENT ON THE RECORD (Dkt. 39, 45)**
**MOTIONS FOR LEAVE TO AMEND THE COMPLAINT (Dkt. 38, 50)**

### I.     PROCEDURAL HISTORY

Plaintiff filed a complaint against the defendant Chrysler LLC Pension Plan in Wayne County Circuit Court, which was subsequently removed to this Court on November 29, 2010. (Dkt. 1). Defendant filed an answer to the complaint on December 6, 2010 and the case was referred to the undersigned on April 6, 2011. (Dkt. 11). The parties had disputes regarding discovery and the administrative record. Based on the undersigned's recommendation, this matter was remanded to the administrator for further development of the record. (Dkt. 26, 30).

After the administrative proceedings concluded, plaintiff filed a motion to reopen the case, which was granted by Judge Cox. (Dkt. 33). Judge Cox set deadlines for filing the administrative record and the parties' cross-motions for

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

1

judgment on the record. (Dkt. 34). The record was filed on December 13, 2012 and a supplement was filed on January 14, 2013. (Dkt. 35, 36). On January 18, 2013, plaintiff filed a motion for leave to amend the complaint along with the motion for judgment on the record. (Dkt. 38, 39). In the motion for leave to amend the complaint, plaintiff asked to add a claim for relief under ERISA § 502(a)(3), in addition to the claim already brought under § 502(a)(1)(b). These motions were referred to the undersigned. (Dkt. 40, 41). Defendant filed a response to the motion for leave to amend on February 4, 2013. (Dkt. 42). Plaintiff filed a reply on February 11, 2013. (Dkt. 43). On February 15, 2013, defendant filed a response to plaintiff's motion for judgment on the record, which the undersigned will also treat as defendant's motion for judgment on the record. (Dkt. 45). Plaintiff filed a reply in support of his motion for judgment on the record on February 25, 2013. (Dkt. 46). The parties filed joint statements of resolved and unresolved issues on March 19, 2013. (Dkt. 48, 49). On March 27, 2013, pursuant to notice, the Court held a hearing on both motions. (Dkt. 47).

At the hearing, plaintiff requested, and was granted, the opportunity to file an amended motion for leave to amend the complaint, which was referred to the undersigned. (Dkt. 50, 51). On April 18, 2013, defendant filed a response. (Dkt. 52). Plaintiff filed a reply on April 22, 2013. (Dkt. 53). Finally, defendant filed a sur-reply on May 7, 2013. (Dkt. 54).

2

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for judgment on the record be **DENIED**, that defendant's motion for judgment on the record be **GRANTED**, and that plaintiff's motions for leave to amend be **DENIED**.

## II. FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

In October 2008, Chrysler offered a buyout with two early retirement incentives. In addition to an employee's regular benefits under the Chrysler Group LLC Pension Plan (the "Pension Plan"), the buyout incentives offered an additional lump sum payment of $50,000 and a vehicle voucher for $25,000. (Dkt. 12-6, Pg ID 615; AR 527). On October 29, 2008, plaintiff was provided with pension statements, so he could consider his option. (Dkt. 12-5, Pg ID 588-606; AR 500-518). The pension statements repeatedly advised plaintiff, "For more detail on the benefit formula, see your Summary Plan Description . . . . Additionally, employees who have access in Dashboard Anywhere may also find Summary Plan Descriptions in the Benefits Section." (Dkt. 12-5, Pg ID 589, 597, 603; AR 501, 509, 515). Plaintiff contends that the SPD stated two requirements to receive "30 and Out" benefits, both of which were met by plaintiff. (Dkt. 12, Pg ID 121-122, 126-127; AR 33-34, 38-39). First, plaintiff exceeded the 85 points needed to take Early Retirement - Between Age 55 and 62, because he was 60

3

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

years old, and because his age and credited service totaled 93 points (60 years old plus 33 years of credited service. (Dkt. 12, Pg ID 121, 588, 606, 618; AR 33, 500, 518, 530). Second, plaintiff was eligible for the "30 and Out" benefits because he had earned 33 years of credited service. (Dkt. 12, Pg ID 123, 126, 606; AR 35, 38, 518). According to plaintiff, those are the only requirements in the SPD for Early Retirement Supplemental Benefits, and therefore, he qualified for "30 and Out" benefits.

The SPD states: "You do not need to be actively employed at retirement to be eligible for a supplement. However, you must retire and begin receiving pension benefits within five years of your last day of work for the Company . . .." (Dkt. 12, Pg ID 126; AR 38). Plaintiff was scheduled to be on vacation for the three days prior to Thanksgiving (November 24-26, 2008). (Dkt. 12-6, Pg ID 619; AR 531). Although on vacation, plaintiff was called in to attend an emergency budgeting meeting on November 25, 2008. As he left that meeting, he was told a new procedure had been put in place, and that he was required to submit signed paperwork verifying his decision regarding whether to accept or decline Chrysler's buyout offer. *Id*. Plaintiff drove home from the budget meeting, picked up the incentive offers at his home, and returned to work as instructed to deliver signed paperwork declining the early retirement incentives. *Id*. Plaintiff declined the buyout offer, and according to plaintiff, accepted the risk that the he might lose his

4

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

job in the future, based on the representations in the SPD, which he says guaranteed that "30 and Out" benefits could not be lost if his employment was terminated. (Dkt. 12-6, Pg ID 618; AR 530). Immediately on handing in his signed paperwork declining Chrysler's buyout offer, plaintiff says he was told that he was being terminated. (Dkt. 12-6, Pg ID 619; AR 531). According to defendant, plaintiff's employment was terminated on November 25, 2008, after an internal investigation revealed that plaintiff engaged in an improper use of company vehicles. (Dkt. 12-6, Page ID 661, Dkt. 35, 1163). The investigation revealed plaintiff drove Chrysler LLC vehicles home on a daily basis for more than one year, and plaintiff admitted that he had not driven his personal lease vehicle in more than one year. (Dkt. 35, Page ID 1165)

The next day, on November 26, 2008, plaintiff contacted Benefits Express to apply for retirement. (Dkt. 12-5; Pg ID 576; AR 488). His first retirement check was issued on May 1, 2009, within five years after his last day of work (November 25, 2008), as required in the SPD. (Dkt. 12, Pg ID 126; Dkt. 12-5, Pg ID 582; AR 38, 494). However, plaintiff's check did not include "30 and Out" Benefits. On March 20, 2009, the Pension Plan (1) explained that plaintiff was disqualified for "30 and Out" Benefits because he was a Vested Terminated Participant, and (2) once again provided plaintiff with a copy of the SPD as his source of reference for the terms of the Pension Plan. (Dkt. 12, Pg ID 103-106; AR 15-18).

5

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

On March 21, 2009, plaintiff challenged the Pension Plan to "tell me what page in that document can we find what you have stated and you have written." (Dkt. 12, Pg ID 151; AR 63). Plaintiff objected because the only plan document which he had been given (the SPD) states, "You do not need to be actively employed at retirement to be eligible for a supplement." *Id*. According to plaintiff, the Pension Plan has never identified where this disqualification was disclosed in the documents that plaintiff had been given. On March 19, 2010, the Benefit Express Determination Review Team (the "Review Team") refused to consider the SPD, which had been repeatedly given to plaintiff, and instead disqualified him based on a plan document (the Chrysler Pension Plan) which had never been shown to him. (Dkt. 12, Pg ID 166-167; AR 78-79). The Review Team denied plaintiff's request because his "employment with the Corporation ceased prior to the date [he] retired." (Dkt. 12, Pg ID 166; AR 78). Plaintiff asserts that the Review Team offered no explanation for the statement in the SPD that "You do not need to be actively employed at retirement to be eligible for a supplement. However, you must retire and begin receiving pension benefits within five years of your last day of work for the Company . . .." (Dkt. 12, Pg ID 126, 166; AR 38, 78).

On March 30, 2010, plaintiff's attorney requested the actual Pension Plan document, which had never previously been shown to plaintiff. (Dkt. 12, Pg ID

6

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

168; AR 80). On May 5, 2010, the Pension Plan provided plaintiff with the complete plan documents. (Dkt. 12-1, Pg ID 173; AR 85). On May 17, 2010, plaintiff submitted a timely appeal to the Chrysler Employee Benefits Committee (the "Benefits Committee"). (Dkt. 12-6, Pg ID 615-621; AR 527-533). On July 16, 2010, the Benefits Committee notified plaintiff that it would need additional time, and that it would respond by September 17, 2010. (Dkt. 12-6, Pg ID 569; AR 569). Plaintiff never heard anything further from the Pension Plan regarding his appeal and this suit was filed.

After this matter was remanded by the Court to the administrator, on April 13, 2012, the pension plan administrator supplemented the administrative record. Plaintiff renewed his appeal on July 18, 2012. (Dkt. 36, Pg ID 1222-1226; AR 650-654). The pertinent SPD language is as follows:

> **Monthly Pension Supplements and Temporary Pension**
> Supplements consist of either an early retirement supplement for eligible retirees with 30 or more years of credited service or an interim supplement for eligible retirees with less than 30 or more years of credited service. You do not need to be actively employed at retirement to be eligible for a supplement. However, you must retire and begin receiving pension benefits within five years of your last day of work for the Company in order to receive any supplements for which you are eligible.
>
> **Early Retirement Supplement**
> If you are eligible for Early Retirement or PTD

7

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

> Retirement and you have 30 or more years of credited service you may receive an early retirement supplement. This supplement is payable to you until you reach age 62 and one month.
>
> The Early Retirement Supplement is designed to ensure that, when you retire before age 62, you have a minimum pension benefit amount until you become eligible for an unreduced benefit under the Plan. The amount of your supplement is the difference between the total monthly benefit amount shown in the table below and your basic pension benefit (plus any temporary pension that may apply).

(Dkt. 12, Pg ID 121-122, 126; AR 33-34, 38). The Pension Plan document provides as follows:

> Section 1: Early Retirement Supplement
>
> A. Eligibility Requirements. A participant who satisfies the following criteria shall be eligible to receive an Early Retirement Supplement:
>
> 1. Participant is under the age of 62 and one month;
> 2. The Participant has been credited with at least 30 years of Credited Service;
> 3. Participant will retire under the early, special early or permanent total disability retirement provisions hereof; and
> 4. The Participant has filed his application for a Pension within 5 years of the last day of his employment.
>
> Notwithstanding the foregoing, a Vested Terminated Participant who met the eligibility requirements for early retirement at the date his employment terminated shall not be eligible to receive an Early Retirement Supplement.

8

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

(Dkt. 12-3, Pg ID 426; AR 338). A "Vested Terminated Participant" means an individual whose employment with the Corporation ceased prior to the date he retired and who possessed a vested right to a Deferred Pension at the date of termination of his employment. (Dkt. 12-3, Pg ID 394)

On September 20, 2012, the Benefits Committee affirmed its denial of "30 and Out" Benefits because "Pearce was a Vested Terminated Participant. Under the terms of the CPP, he is not eligible to receive an Early Retirement Supplement." (Dkt. 36, Pg ID 1227-1229). The Benefits Committee acknowledged:

> "[T]he Summary Plan Description (SPD) says 'you do not need to be actively employed at retirement to be eligible for a supplement."

(Dkt. 36, Pg ID 1228). However, the Benefits Committee asserted:

> "That statement does not address Pearce's situation. Pearce was not employed by the company in an active, inactive or other leave status at the time of his retirement. Company records show that Pearce was terminated not employed at retirement."

(Dkt. 36, Pg ID 1228). According to plaintiff, the Benefits Committee failed to explain how the disqualification of participants who were "terminated not employed at retirement" can possibly be consistent with the plain meaning of the statement in the SPD that "you do not need to be actively employed at retirement to be eligible for a supplement. However, you must retire and begin receiving

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

9

pension benefits within five years of your last day of work for the Company."

According to defendant, plaintiff's interpretation of the plan ignores the express terms of the SPD regarding "active" employment. Defendant argues that if full meaning is given to the language in the SPD, there is no conflict between the SPD and the Plan document. In response to plaintiff's arguments, the EBC explained that the statement in the SPD ("you do not need to be actively employed at retirement to be eligible for a supplement") does not address plaintiff's situation because he was not employed by the Chrysler LLC in an active, inactive, layoff or leave status (such as FMLA, military, or disability) at the time of his retirement. (Dkt. 36, Pg ID 1227-1229). Chrysler LLC records show that plaintiff was terminated, not employed, at retirement. The EBC further explained that the SPD provides only a summary of the information contained in the Pension Plan. In addition, the SPD expressly provides that "If there is a conflict between this summary and the Plan document and trust agreement, the Plan document and trust agreement will govern." *Id*. The EBC also noted that the SPD advised plaintiff of the existence of the actual Plan document and informed him to contact Benefit Express if he had any questions regarding the Plan documents. *Id*. Finally, the EBC explained that under the terms of the Plan itself, plaintiff did not meet the eligibility requirements for an Early Retirement Supplement because he was a Vested Terminated Participant at the time of his retirement. *Id*. As described by

10

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

the EBC, the Plan expressly provides that a Vested Terminated Participant is not eligible for an Early Retirement Supplement. *Id.* According to defendant, the EBC, therefore, properly denied plaintiff's appeal.

## III. ANALYSIS AND DISCUSSION

### A. Standards of Review

#### 1. ERISA

This Court reviews the denial of benefits under a *de novo* standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). However, when a plan affords discretion to an administrator or fiduciary, the arbitrary and capricious standard of review applies. *Marks v. Newcourt Credit Group*, *Inc.*, 342 F.3d 444, 456 (6th Cir. 2003). Under this standard, the decision must be affirmed if it was "'rational in light of the plan's provisions.'" *Id.* at 456-57, quoting *Borda v. Hardy*, *Lewis*, *Pollard & Page*, *P.C.*, 138 F.3d 1062, 1066 (6th Cir. 1998). Stated differently, "when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689, 693 (6th Cir. 1989) (internal quotations and citation omitted). When a trial court conducts a review in an ERISA case, the review is limited to the evidence that was included in

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

11

the record on which the administrator based its decision. *Wulf v. Quantum Chemical Corp.*, 26 F.3d 1368, 1376 (6th Cir. 1994); *Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir. 1990).

Even in situations where the administrator operates under a structural conflict of interest in that it is both the evaluator and payor of claims, the deferential standard of review remains appropriate when the terms of a plan grant discretionary authority to the plan administrator. *See Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350-51 (2008); *Conkright v. Frommert*, 130 S. Ct. 1640, 1647 (2010) (noting that "a systemic conflict of interest does not strip a plan administrator of deference"). In this case, plaintiff does not offer any evidence that a conflict of interest impacted any aspect of the EBC's determination. In addition, plaintiff does not dispute that the EBC's determination is subject to the arbitrary and capricious standard of review. (Dkt. 39, Pg ID 1297).

### 2. Motion for Leave to Amend

In considering a motion to amend, the court generally will "freely give leave when justice so requires" pursuant to Federal Rule of Civil Procedure 15(a). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011), quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995);

12

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

*Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008), citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ("Factors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment."). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

    B.    <u>Claim Under § 502(a)(1)</u>

The undersigned concludes that the EBC's decision denying the supplement based on the language in the plan document was neither arbitrary nor capricious. While plaintiff's complaint asserts a claim for benefits under § 502(a)(1), the brief in support of the motion for judgment on the record seemingly abandons this claim. That is, plaintiff asserts that the EBC's decision denying the supplement was arbitrary and capricious because the provision related to Vested Terminated Participants must be stricken from the plan as reformed by the Court. (Dkt. 39, Pg ID 1307). To the extent that plaintiff attempts to make this argument under § 502(a)(1), such a claim is barred by *CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1878 (2011), in which the Court held that "the summary documents, important as

13

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the terms of the plan for purposes of § 502(a)(1)(B)") (emphasis in original). Where there is a conflict between the language of the plan and the SPD, it is the plan that controls, not the SPD. *Id*. In *Amara*, the Supreme Court held that "we cannot agree that the terms of statutorily required plan summaries ... necessarily may be enforced (under § 502(a)(1)(B)) as the terms of the plan itself." 131 S.Ct. at 1877. In other words, "[a]fter *Amara*, to the extent that the language of a 'plan summary' conflicts with the actual terms of the plan, the terms of the plan control." *Schussheim v. First Unum Life Ins. Co.*, 2012 WL 3113311, at *3 (E.D. N.Y. 2012).

Plaintiff does not argue that the EBC incorrectly interpreted or enforced the plan document. Thus, to the extent that plaintiff seeks to maintain a cause of action for benefits under § 502(a)(1), he cannot do so because his claim appears to be based on impermissible equitable relief unavailable under this subsection. Plaintiff does not appear to dispute that his claim for benefits under § 501(a)(1), without any equitable relief, is barred by the express terms of the plan, as explained by the EBC in its decision. For these reasons, the undersigned concludes that the EBC's decision denying "30 and Out" benefits to plaintiff was based on the express terms of the plan, was well-reasoned, and was based on the evidence before it.

14

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

C.  Claims Under § 502(a)(3) Are Futile

In conjunction with his motion for judgment on the administrative record, plaintiff has moved to amend the complaint, in order to assert equitable theories of relief under ERISA § 502(a)(3) and the *Amara* decision.  As set forth in *Amara*, the Supreme Court rejected the proposition that if there is a conflict between the plan document and the SPD, the SPD controls.  The Court pointed out that the statute did not intend to "mix" the roles of plan administrator, whose duties include preparing the SPD, with that of the plan sponsor, who executes a written instrument containing the plan terms and conditions.  *Id.*  The Court also concluded that such a rule conflicts with the objective of the SPD - to provide clear, simple communications to plan participants: "to make the language of a plan summary legally binding could well lead plan administrators to sacrifice simplicity and comprehensibility in order to describe plan terms in the language of lawyers." *Id.* at 1877-78.  While the Court rejected the notion that reformation of the plan, based on misleading information provided to plan participants, was relief available under § 502(a)(1), the Court concluded that some such forms of equitable relief could be available under § 502(a)(3).

Regardless of the equitable relief sought and available under § 502(a)(3), the Court made it clear that without a conflict between the SPD and the plan, there is no path to such equitable relief.  Unlike in *Amara*, the SPD here did not

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

15

"incompletely" or "misleadingly" describe the 30 and Out supplement or add terms that were inconsistent with the plan. *See Liss v. Fidelity Employer Services Co.*, 2013 WL 677280, *6 (6th Cir. 2013), citing *Bidwell v. Univ. Med. Ctr., Inc.*, 685 F.3d 613, 620 n. 2 (6th Cir. 2012) (because there does not appear to be any actual conflict between the summary plan description and the plan, "we need not consider the applicability ... of *Amara*."); *McCorkle v. Bank of Am. Corp.*, 688 F.3d 164, 177 (4th Cir. 2012) (court did not address *Amara* because there was no conflict between the summary plan description and the plan); *Foster v. PPG Indust., Inc.*, 693 F.3d 1226, 1235 n. 5 (10th Cir. 2012) (rejected *Amara* where procedures laid out in the summary plan description did not contradict the plan).

Rather, the undersigned concludes that the SPD reasonably, and consistent with the plan document, informed participants that they were not entitled to the supplement if they were not employed. Plaintiff no longer disputes that he was, in fact, terminated on November 25, 2008. Thus, he was *not employed* when he applied for retirement benefits on November 26, 2008. Under the plain language of the plan document, because plaintiff was a "Vested Terminated Participant" on the date he applied for retirement, he did not qualify for the supplement. The SPD, however, does not speak in terms of "Vested Terminated Participants." Rather, the SPD provides that one need not be "actively employed" in order to be eligible for the supplement. In the view of the undersigned, plaintiff's interpretation of the

16

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

SPD reads the word "actively" right out of the provision at issue and attempts to change its meaning to "you need not be employed," rather than "you need not be *actively* employed" in order to qualify for the 30 and Out supplement. There is nothing in the SPD suggesting, as plaintiff asserts, that the "30 and Out" benefits could not be lost if his employment was terminated. Plaintiff's interpretation would be reasonable, if the SPD said "you need not be employed." The use of the phrase "you need not be actively employed" tells the plan participant that, to be eligible for the supplement, the participant must have some type of *employed* status - whether that status is active or inactive. Plaintiff offers no support for the notion that "not actively employed" includes terminated or unemployed.

The undersigned finds no conflict between the SPD and the plan document such that plaintiff should be permitted to amend the complaint to pursue equitable theories of relief under *Amara* and § 502(a)(3). Given the lack of any conflict, such theories are futile.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for judgment on the administrative record be **DENIED**, that defendant's motion for judgment on the administrative record be **GRANTED**, and that plaintiff's motion for leave to amend the complaint be **DENIED** as futile.

The parties to this action may object to and seek review of this Report and

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

17

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

   Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

18

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720

Date: June 20, 2013                               s/Michael Hluchaniuk
                Michael Hluchaniuk
                United States Magistrate Judge

## CERTIFICATE OF SERVICE

  I certify that on June 20, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Lawrence J. Breskin, William E. Altman, and Danielle C. Beasley.

                s/Tammy Hallwood
                Case Manager
                (810) 341-7887
                tammy_hallwood@mied.uscourts.gov

19

Report and Recommendation
Cross-Motions for Judgment on the Record
Motions for Leave to Amend the Complaint
*Pearce v. Chrysler*; Case No. 10-14720