UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Randy D. Pearce,

    Plaintiff,

v.                                      Case No.  10-14720

Chrysler Group LLC Pension Plan,        Honorable Sean F. Cox

    Defendant.
_____/

## ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

    Plaintiff Randy D. Pearce filed this ERISA action against Defendant Chrysler LLC Pension Plan in Wayne County Circuit court.  Defendant removed the matter to this Court, based on federal question jurisdiction.  The matter was referred to Magistrate Judge Michael Hluchaniuk for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C).

    The parties initially had disputes regarding discovery and the administrative record in this action.  Based upon Magistrate Judge Hluchaniuk's recommendation, this matter was remanded to the administrator for further development of the record.  This case was later reopened after the administrative proceedings concluded.

    Thereafter, the parties filed several motions.  On June 20, 2013, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") wherein he recommends that this Court: 1) deny Plaintiff's motions for judgment on the record; 2) deny Plaintiff's motions for leave to amend; and 3) grant Defendant's motion for judgment on the record.  (Docket Entry No.

1

55).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. The rule further provides that a party may respond to another party's objections within fourteen days after being served with a copy. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On July 5, 2013, Plaintiff filed objections to the R&R. (Docket Entry No. 56). On August 1, 2013, Defendant filed a response to Plaintiff's objections. (Docket Entry No. 58).

Rule 72(b) does not authorize a party who filed objections to a report and recommendation to file additional objections or a "reply brief" in support of his or her objections. *See* Fed. R. Civ. P. 72(b). Nevertheless, without seeking leave of this Court to do so, Plaintiff filed an additional brief on August 23, 2013. Accordingly, the Court hereby STRIKES this unauthorized filing (Docket Entry No. 59) and ORDERS that it be stricken from the docket.

The Court shall now consider Plaintiff's Objections, set forth in his July 5, 2013 filing. Plaintiff asserts five objections.

First, Plaintiff "objects to the Magistrate Judge's recommendation that the arbitrary and capricious standard, rather than the preponderance of the evidence standard, be used to determine whether a summary plan description and the actual plan document conflict under ERISA § 502(a)(3)." (Pl.'s Objs. at 1 & 10). In his R&R, however, the magistrate judge made no such recommendation. Although the standard of review section of the R&R recited the

2

arbitrary and capricious standard that applies to the Court's review of claims under ERISA Section 502(a)(1)(b) (*see* R&R at 11-12), the later discussion and analysis of the alleged conflict between the Summary Plan Description and the Pension Plan show that the magistrate judge properly applied a preponderance of the evidence standard to this issue. (R&R at 17).

Second, Plaintiff "objects to the Magistrate Judge's report that there is no evidence that a conflict of interest exists between Chrysler and the Chrysler Employee Benefits Committee." (Pl.'s Objs. at 2 and 10). Again, Plaintiff's Counsel is mistaken. The R&R did not report that there was no evidence that a conflict of interest exists. Rather, it stated that, "[i]n this case, plaintiff does not offer any evidence that a conflict of interest *impacted any aspect of the EBC's determination*." (R&R at 12) (emphasis added).

Third, Plaintiff objects to the magistrate judge's "report that there is no conflict between the Summary Plan Description and the Actual Plan Document for the Chrysler Pension Plan." (Pl.'s Objs. at 2 & 11). The Court finds this objection without merit. Magistrate Judge Hluchaniuk carefully analyzed this issue and the Court concurs with his conclusion that there is no conflict. (*See* R&R at 15-17).

Fourth, Plaintiff objects to the magistrate judge's "recommendation that Plaintiff be denied leave to amend the complaint." (Pl.'s Objs at 2 & 17). Plaintiff acknowledges that the magistrate judge reported that amendment would be futile because there is no conflict between the Summary Plan Description and the actual Plan Document but continues to argue that there is such a conflict. (*See* Pl.'s Objs. at 18). As stated above, however, the Court concurs with Magistrate Judge Hluchaniuk's conclusion that there is no conflict. As such, the requested amendment is futile.

As his fifth "objection," Plaintiff objects to the magistrate judge's "recommendation that Defendant's motion for judgment on the administrative record be granted, and that Plaintiff's motion for judgment on the administrative record be denied." (Pl.'s Objs. at 2). That is, he make a general objection to the magistrate judge's ultimate conclusions. Having reviewed and considered the R&R, however, the Court concurs with Magistrate Judge Hluchaniuk's analysis and conclusions.

The Court hereby ADOPTS the June 20, 2013, R&R. IT IS ORDERED that Plaintiff's motion for judgment on the record, and Plaintiff's motions for leave to amend, are DENIED. IT IS FURTHER ORDERED that Defendant's motion for judgment on the record is GRANTED and this action shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: September 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2013, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager