UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Randy D. Pearce,

    Plaintiff,

v.

Chrysler LLC Pension Plan,

    Defendant.
_____/

Case No. 10-14720
Hon. Sean F. Cox
Magistrate Stephanie Dawkins Davis

## ORDER ADOPTING AND ACCEPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Randy D. Pearce ("Plaintiff") originally filed this ERISA action against Defendant Chrysler LLC Pension Plan ("Defendant") in Wayne County Circuit court. (Doc. # 1). Defendant subsequently removed the matter to this Court, based upon federal question jurisdiction on November 29, 2010. The matter was referred to Magistrate Judge Michael Hluchaniuk on April 6, 2011. (Doc. # 11). The parties had disputes concerning discovery and the administrative record. Based on Magistrate Judge Hluchaniuk's recommendation, this matter was remanded to the administrator for further development of the record. (Doc. # 26, 30).

This case was later reopened after the administrative proceedings concluded. (Doc. # 33). On January 18, 2013, Plaintiff filed a motion for leave to amend the complaint and a motion for judgment on the record. (Doc. # 38, 39). Plaintiff's motion for leave to amend complaint sought to include a claim for relief under ERISA § 502(a)(3), in addition to the claim already brought under § 502(a)(1)(B). Plaintiff later filed an amended motion for leave to amend the complaint. (Doc. # 50). These motions were referred to Magistrate Judge Hluchaniuk. (Doc. #

1

51). Defendant filed a response to Plaintiff's motion for judgment on the record, which the Magistrate Judge treated as Defendant's motion for judgment on the record. (Doc. # 45, 55).

Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R"), wherein he recommended that Plaintiff's motion for judgment on the record be denied, Defendant's motion for judgment on the record be granted, and Plaintiff's motions for leave to amend be denied. (Doc. # 55). These recommendations were adopted by the undersigned. (Doc. # 60).

Plaintiff appealed to the Sixth Circuit, which reversed in part.[1] To the extent that the Sixth Circuit disagreed with the decisions below, it concluded that there was a conflict between the plan document and the summary plan description ("SPD") and that Plaintiff's motion for leave to amend the complaint to add a claim under § 502(a)(3) was not futile. (Doc. # 64). As such, the Sixth Circuit noted that the existence of a material conflict between the SPD and the plan could support a claim for equitable relief. (*Id*. at Pg ID 1858-59, 1861-62).

This case was reversed and remanded as to the § 502(a)(3) issue. Sometime thereafter, the parties filed cross-motions for summary judgment as to Plaintiff's § 502(a)(3) claims. (Doc. # 72, Def.'s Mo.; Doc. # 73, Pl.'s Mo.). These motions were referred to Magistrate Judge Stephanie Dawkins Davis pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. # 76).

On February 14, 2017, Magistrate Judge Davis issued a Report and Recommendation ("R&R), wherein she recommended that the Court DENY Plaintiff's motion for summary judgment and GRANT Defendant's motion for summary judgment. (Doc. # 87, R&R). Plaintiff filed objections to the R&R on March 8, 2017. (Doc. # 89, Pl.'s Objs.). Defendant responded to

---

[1]As to Plaintiff's claim under ERISA § 502(a)(1)(B), the Sixth Circuit held that "it is clear that Pearce is not eligible for 30-and-Out benefits under terms of the Plan, and thus he cannot recover under ERISA § 502(a)(1)(B)." (Doc. # 64 at Pg ID 1857).

Plaintiff's objections on March 22, 2017.  (Doc. # 90, Def.'s Resp.).

The Court finds Plaintiff's objections to be improper and without merit.  The Court shall therefore **ACCEPT AND ADOPT** the R&R, **DENY** Plaintiff's Motion for Summary Judgment (Doc. # 89), and **GRANT** Defendant's Motion for Summary Judgment (Doc. # 16).

## STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  Fed. R. Civ. P. 72(b)(2).  Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection."  E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge."  *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004).  Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge.  *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In her R&R, Magistrate Judge Davis determined that Plaintiff is not entitled to the equitable remedies authorized by § 502(a)(3).  First, the Magistrate Judge concluded that the

remedy of reformation is unavailable to Plaintiff because Plaintiff "has not offered any evidence of an intent to deceive, which is required by *Amara*[2]." (R&R at 20). Magistrate Judge Davis noted that, aside from the conflict between the SPD and the plan documents, there is no evidence that Defendant engaged in fraud or other inequitable conduct. Second, the Magistrate Judge concluded that the remedy of estoppel is unavailable because Plaintiff is unable to establish the following required elements: "(1) Pension Plan provisions that did not allow participants to determine their eligibility for benefits; or (2) extraordinary circumstances." (R&R at 27). Finally, Magistrate Judge Davis concluded that Plaintiff waived any claim for surcharge and that, in any event, surcharge is unavailable because Plaintiff cannot show harm caused by any breach of fiduciary duty. (R&R at 34). Plaintiff has lodged six objections to the Magistrate Judge's R&R.

*Objection # 1.* Plaintiff's first objection pertains to the issue of reformation. Specifically, Plaintiff argues that the Magistrate Judge incorrectly concluded "that the violation of ERISA is not 'inequitable conduct' (1) because it would automatically result in the participant being entitled to reformation for any mistake in an SPD, and (2) because more is required under *Amara*." (Pl.'s Objs. at 7-8).

In making this argument, Plaintiff improperly asserts much of the same arguments already advanced before, and rejected by, the Magistrate Judge. As evidence of fraud or similar inequitable conduct, Plaintiff relies solely on the fact that a conflict exists between the SPD and the plan documents. However, Magistrate Judge Davis has correctly noted that this theory would result in a claimant being entitled to reformation every time a SPD conflicted with a Plan

---

[2] *Amara v. CIGNA Corp.*, 775 F.3d 510 (2d Cir. 2014).

document. And while Plaintiff disagrees with this, he fails to point a specific deficiency in the Magistrate Judge's reasoning. Moreover, to the extent that Plaintiff argues that "nothing in *Amara V* states that 'inequitable conduct' cannot be found unless a deliberate intent is present," the Court is not persuaded (Pl.'s Objs. at 8). Notably, Plaintiff offers nothing to the contrary (*i.e.*, Plaintiff does not explain how inequitable conduct can be found where, as here, Plaintiff has only pointed to evidence of a conflict/violation of ERISA). Moreover, the Court agrees with the Magistrate Judge's reasoned analysis as to this issue. As such, Plaintiff's first objection is overruled.

*Objection # 2.* Plaintiff's second objection pertains to the issue of estoppel. Plaintiff argues that the Magistrate Judge incorrectly stated that Plaintiff did "not address the additional elements set forth in *Bloemker*[3] until his reply brief..." (Pl.'s Objs. at 2) (internal quotation marks and citation omitted). The Court agrees with Plaintiff that the additional elements set forth in *Bloemker* were addressed in his initial brief, and not just his reply brief. However, the Court notes that Plaintiff's initial discussion of these elements was cursory, at best. Moreover, the fact that the Magistrate Judge indicated that Plaintiff failed to address these elements until his reply brief is of no import, where, as here, the R&R still considered the arguments advanced by Plaintiff as to these elements. Accordingly, Plaintiff's objection is without merit and is overruled.

*Objection # 3.* In his third objection, Plaintiff advances several arguments as to why he believes the Magistrate Judge was wrong in concluding that Plaintiff is not entitled to equitable estoppel. First, Plaintiff argues the Magistrate Judge wrongly applied the additional elements of

---

[3] *Bloemker v. Laborer's Local 265 Pension Fund*, 605 F.3d 436 (6th Cir. 2010).

*Bloemker* because they "are only applicable when the plan language is ambiguous..." (Pl.'s Objs. at 10, 13). Next, Plaintiff goes on to argue that each of the basic elements of estoppel are satisfied here. (*Id*. at 14). And finally, Plaintiff argues that even if the *Bloemker* elements were required, he has established each of the additional elements.

The problem with Plaintiff's third objection is that is essentially a recitation of the same arguments advanced before the Magistrate Judge. These are not proper objections. Moreover, Magistrate Judge Davis has properly resolved these issues. First, the Magistrate Judge explained that:

> Prior to *Bloemker*, estoppel could not be applied to unambiguous pension plan provisions. *Id.* In *Bloemker*, the Court expanded the application of estoppel to unambiguous pension plan provisions where the plaintiff can demonstrate the traditional elements of estoppel, including that the defendant engaged in intentional deception or such gross negligence as to amount to constructive fraud, plus (1) a written representation; (2) plan provisions which, although unambiguous, did not allow for an individual calculation of a benefit; and (3) extraordinary circumstances in which the balance of equities strongly favor the application of estoppel. *Id.* at 444.

(R&R at 20-21). Magistrate Judge Davis further noted that "districts in this Circuit continue to apply *Bloemker post-Amara*..." (*Id*. at 26) (emphasis in original).

Plaintiff's remaining arguments–that the additional *Bloemker* elements are satisfied here because: (1) the SPD did not allow Plaintiff to calculate his eligibility; and (2) because extraordinary circumstances exist since Plaintiff lost benefits he had already earned due to his reliance on the SPD–have already been rejected by the Magistrate Judge:

> [P]laintiff is not eligible for the relief of estoppel because he does not have any evidence to support the additional *Bloemker* elements required: (1) Pension Plan provisions that did not allow participants to determine their eligibility for benefits; or (2) extraordinary circumstances. Plaintiff cannot show that the Pension Plan language did not allow him to determine whether he was eligible for an Early Retirement Supplement. As explained by Judge Cleland in *Alquahwagi*,

6

> 'the plaintiff in Bloemker made a life-altering decision based on a specific, written representation certifying a certain entitlement, the plaintiff had no real reason to doubt that representation, and the plan administrator demanded a remittence of over $11,000." *Id.* In the view of the undersigned, while plaintiff had a reasonable interpretation of his benefit based on the lack of clarity of the SPD, this is not the same as a specific representation by defendant regarding the calculation of his benefits. While plaintiff was given documents pertaining to the buy-out and the SPD, nothing suggested that if he were *terminated* from his employment, he would, in fact, be eligible for the 30 and out benefit. (Dkt. 73-5). Moreover, the Sixth Circuit has recently affirmed that mere reliance on misinformation is not sufficient to satisfy the *Bloemker* "extraordinary circumstances" requirement. *Donati v. Ford Motor Co., Gen. Ret. Plan, Ret. Comm.*, 821 F.3d 667, 675 (6th Cir. 2016) (The Court rejected plaintiff's argument that she "expended considerable energy evaluating her situation, discussing with Ford representatives what her options were, and ensuring that paperwork would be completed accurately to ensure her pension would be paid out properly" even though she had been told that the payout would be $230,361.49) (citing *Haviland v. Metropolitan Life Insurance Co.*, 730 F.3d 563, 567, 569 (6th Cir. 2013) (circumstances were not extraordinary when "MetLife falsely promised that [the plaintiffs'] continuing life insurance benefits would not be reduced for the rest of their lives, when in fact their benefits were reduced to $10,000," and "these false promises affected the plaintiffs' retirement and estate planning decisions.")). Thus, plaintiff's claim for relief under a theory of estoppel fails.

(R&R at 27-29) (emphasis in original). Plaintiff fails to point to a specific deficiency in the Magistrate Judge's reasoning. Because the Court agrees that Plaintiff must meet the additional *Bloemker* elements in order to for him to be eligible for equitable estoppel, and because the Court agrees with the Magistrate Judge's determination that Plaintiff has failed to do so, Plaintiff's third objection is overruled.

*Objection # 4.* In his fourth objection, Plaintiff argues that the Magistrate Judge incorrectly reports that Plaintiff's amended complaint did not plead surcharge. (Pl.'s Objs. at 17). This objection is without merit because it disregards that Magistrate Judge Davis still explained why the remedy of surcharge is unavailable to Plaintiff despite the fact that it was not properly alleged in the complaint. Specifically, the Magistrate Judge explained that:

7

> Here, as noted above, plaintiff conceded at oral argument that the plan is *not* a fiduciary. Thus, the question becomes whether plaintiff can pursue a breach of fiduciary duty claim against [Defendant] under the theory espoused in *Harris Trust*, *supra*. In the view of the undersigned, plaintiff cannot do so.
>
> . . . .
>
> In *Crosby*, the Sixth Circuit found *Harris Trust* to be inapposite because the plaintiff was not seeking restitution to the plan of assets wrongfully conveyed to a third party, to have constructive trust imposed on assets so conveyed, or a disgorgement of profits made by a third party on ill-gotten assets. *Crosby*, at 595-596. Plaintiff seeks no such relief here, either.

(R&R at 32-33) (emphasis in original). Plaintiff does not object to the Magistrate Judge's conclusion that Defendant cannot pursue a surcharge claim under the theory advanced in *Harris Trust*. As such, Plaintiff's fourth objection is overruled.

*Objection # 5.* In his fifth objection, Plaintiff appears to take issue with the Magistrate Judge's analysis as to causation in relation with the surcharge claim. As an initial matter, the Court notes that Magistrate Judge Davis determined that Plaintiff's surcharge claim fails for two reasons: (1) Plaintiff cannot pursue a claim for surcharge under *Harris Trust*; and, alternatively, (2) Plaintiff cannot show harm caused by any breach of fiduciary duty. Plaintiff's objection only pertains to the second reason advanced by the Magistrate Judge. Accordingly, Plaintiff fails to advance any argument against the Magistrate Judge's conclusion that the surcharge claim fails because Plaintiff cannot pursue it under the theory outlined in *Harris Trust*. The Court could therefore overrule Plaintiff's fifth objection on this basis. However, the Court shall still address the remaining arguments advanced by Plaintiff.

With respect to causation, Magistrate Judge Davis stated that:

> Plaintiff alleges that he was harmed by the language of the SPD because he did not receive an Early Retirement Supplement. Defendant counter[s] that the harm, if any, that plaintiff suffered was not caused by the SPD language, but rather by

8

>  plaintiff's misconduct which lead to his discharge. Although plaintiff alleges that he was concerned about Chrysler LLC's financial condition, plaintiff's concern is not what led to his termination of employment. Plaintiff was not laid-off. Plaintiff was not terminated because of a reduction in the workforce. Rather, plaintiff was terminated because ... his misconduct related to the improper use of the Chrysler LLC vehicles. The undersigned agrees with defendant that plaintiff's misconduct, leading to his termination, caused him to not receive an Early Retirement Supplement, not the language in the SPD. Plaintiff therefore cannot show harm caused by any breach of fiduciary duty and his surcharge claim also fails for this reason.

(R&R at 34). In his objection, Plaintiff explains why he believes that his reliance upon the mistake in the SPD caused his damages. (Pl.'s Objs. at 18-24). In so doing, however, Plaintiff fails to point to any specific deficiency in the Magistrate Judge's reasoning. Moreover, the Court agrees with the Magistrate Judge's resolution of this issue. As such, Plaintiff's fifth objection is overruled.

*Objection # 6.* In his final objection, Plaintiff takes issue with the Magistrate Judge's conclusion that "plaintiff's claim under ERISA § 502(a)(1)(B) was already determined to be without merit by the Sixth Circuit, as discussed above. Thus, this count of the First Amended Complaint can be dismissed without further analysis." (R&R at n. 1). Plaintiff concedes that the Sixth Circuit "sustained the dismissal of an ERISA § 502(a)(1)(B) claim as stated in Plaintiff's Complaint," however he argues that the Sixth Circuit "also ruled that Plaintiff should be allowed to file an Amended Complaint." (Pl.'s Objs. at 24). Plaintiff argues that Plaintiff's Amended Complaint follows the *Amara* procedure for seeking equitable reformation, by seeking equitable reformation in Count I, and by seeking benefits under the reformed language of the Plan in Count II. (*Id.*). Plaintiff further argues that "[p]revailing upon Count II is dependent upon prevailing upon Count I." (*Id.*). Plaintiff fails to support this proposition with any substantive analysis or authority. Plaintiff's sixth objection is overruled.

9

## CONCLUSION & ORDER

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the February 14, 2017 Report and Recommendation. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 27, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager